**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4677

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHAPELLE JORDAN BORDEAUX,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:00-cr-00042-BR)

Submitted:  February 14, 2007          Decided:  March 7, 2007

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chapelle J. Bordeaux appeals the district court's order revoking her term of supervised release and sentencing her to thirty-six months' imprisonment. Bordeaux contends that the sentence imposed by the district court was plainly unreasonable in light of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors, as the court refused to run the sentence concurrent to her state term of incarceration. Bordeaux also asserts that the district court gave no explanation as to why it imposed the maximum sentence, thereby providing this court with no basis to determine whether the sentence was reasonable. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220, 261 (2005), this court has held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." United States v. Crudup, 461 F.3d 433, 437 (4th Cir.), petition for cert. filed, __ U.S.L.W. __ (U.S. Nov. 3, 2006) (No. 06-7631). The sentence must first be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences . . . ." Id. at 438. Only if a sentence is found unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.

While Bordeaux claims that her revocation sentence should be considered in light of her state sentence, the primary goal of a revocation sentence is not to apply punishment for any new criminal conduct. Instead, a revocation sentence is meant to "sanction the violator for failing to abide by the conditions of the court-ordered supervision." Crudup, 461 F.3d at 437-38. Additionally, the Chapter 7 policy statements are clear that the sanction for the "breach of trust inherent in the conditions of supervision" should be consecutive to any sentence imposed for the new criminal conduct, thereby rejecting the position that the sentences should run concurrently. U.S. Sentencing Guidelines Manual, Ch.7, Pt.A, intro. comment. 3(b) & § 7B1.3(f). Therefore, we find that the district court's decision to run the sentences consecutively was not unreasonable.

As for the reasonableness of the thirty-six month term of incarceration, the sentence was not above the three-year statutory maximum, and the probation officer's recommendation provided sufficient grounds for the court to impose the maximum sentence, noting Bordeaux's extensive criminal history and the brief period between her release from prison and subsequent arrest. While the guideline imprisonment range in this case was only 21 to 27 months, departure from that range for revocation sentencing was appropriate, as the district court had previously imposed a significant upward departure from the guideline range for

Bordeaux's underlying conviction for bank fraud. See USSG § 7B1.4, p.s., comment. (n.2). Therefore, we find that the district court's imposition of a thirty-six month sentence of imprisonment was not substantively unreasonable, much less plainly so.

Bordeaux's final contention is that the district court's lack of an explanation for its sentence was procedurally unreasonable. The district court heard argument from both Bordeaux and the Government on the sentencing issues and was provided with a recommendation from the probation officer that sufficiently justified imposition of the maximum term of imprisonment. The district court also noted that it had reviewed and considered the Chapter 7 policy statement on revocation. Even if it is considered that the district court failed to adequately explain its reasons for Bordeaux's thirty-six month sentence, thus rendering the sentence unreasonable, we conclude that the sentence is not plainly unreasonable. The district court was fully aware of the brief period between Bordeaux's release from prison and subsequent arrest, as well as her extensive criminal history and the court's upward departure from the guidelines range for Bordeaux's original sentence. These factors were fully addressed by the probation officer's recommendations, as well as by Bordeaux and the Government at the revocation hearing. In light of this record, and the "substantial latitude" and "broad discretion" accorded district courts in devising appropriate revocation sentences, Crudup, 461

F.3d at 439, we are confident that the court properly took all relevant factors into account in devising its revocation sentence. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (consideration of issues fully presented for determination is implicit in court's ruling).

Accordingly, we affirm Bordeaux's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED